## Panke v. Collins-Moore & Co.

Dec. 5, 1939.

William Alpha Hubbard and Marvin C. Werle for appellant.

Dodd & Dodd for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—
Reversing.

The appellant brought this action in the Jefferson circuit court against appellee seeking to recover of it certain bonds and securities, alleging that she was the owner of same and that appellee was wrongfully withholding them from her.

In the original petition plaintiff alleged, in effect, that she was the owner and entitled to the immediate possession of bonds of the People's Power and Light Company of the face value of $5,000 and of the actual value of $400, and 104 shares of Utility Light and Power Company Common stock, purchased for the plaintiff by the defendant company with the plaintiff's money for $265.20; that she was the owner of all the above mentioned securities and that the value of same is and was the sum of $665.20 and that she is entitled to the immediate possession of said securities which were being wrongfully detained by the defendant. She further made the usual allegations for a writ of claim and delivery of personal property, and alleged that she should recover of said defendant said securities and the sum of $500 damage for the wrongful detention of same.

Apparently in anticipation of the defendant's defense, plaintiff further alleged that on or about the 6th day of September, 1934, a written agreement was made and entered into between plaintiff and defendant in settlement of a dispute between the parties relating to certain other stock and securities which she alleged were purchased for her by defendant in its own name for convenience, but that that agreement had no relation to the securities sought to be recovered in this action. Plaintiff filed a copy of the agreement which reads as follows:

"This agreement made and entered into at Louisville, Kentucky, September 6, 1934, by and be-

tween Mrs. Callye Panke, Party of the First Part, and Collins-Moore and Company, incorporated, Party of the Second Part.

"Witnesseth:

"That in full and complete settlement of any and all matters pending or that may hereafter arise in the relations between said parties, the following agreement is made and entered into in complete settlement of all relations between said parties now and hereafter: That the Party of the First Part is to deliver to the Party of the Second Part Six Hundred and Fifty (650) shares of Class A Stock in the Associated Gas & Electric Company and in return, Party of the Second Part is to deliver T. R. Ruthenburg, as attorney for the Party of the First Part, Nine Hundred and Eight (908) shares of Class A Stock of the Utilities Power & Light Company, same to be in full and complete settlement as stated above.

"The party of the Second Part is to have until not later than January 1, 1935, to complete the delivery of the Nine Hundred and Eight (908) shares of the Class A. Stock of the Utilities Power & Light Company.

"In Witness Whereof, both parties hereto have signed their names as of the day and date first above mentioned. (Signed by the parties.)"

Defendant filed a demurrer to the petition and without waiving the demurrer, also filed its answer denying the allegation of the petition, and by paragraph two it affirmatively pleaded the written agreement, copied above, as complete defense to plaintiff's right to recover of it the securities in question.

Plaintiff then filed her amended petition in which she reiterated the facts set out in the original petition and in addition thereto alleged that defendant was acting as the agent, broker and trustee of the plaintiff in the purchase of certain stock, and that a dispute arose between plaintiff and defendant as to the plaintiff's right to certain stock in the Associated Gas and Electric Company and Utilities Power and Light Company and the defendant compromised that matter with the plaintiff by turning over to her attorney, Mr. T. R. Ruthenburg, 650 shares of Class A Stock in the Associated Gas

and Electric Company and 908 shares of Class A Stock of the Utilities Power and Light Company. Plaintiff further alleged that the defendant failed to disclose to her lawyer, Mr. Ruthenburg, who drew the agreement, that it had other stock in its possession belonging to the plaintiff which it carried in its own name as trustee for plaintiff and which was not involved or contemplated in the compromise settlement; that defendant knowing that the plaintiff did not understand the legal effect of the settlement agreement which it caused her counsel to draw, and for the purpose of deceiving, cheating and defrauding the plaintiff, it failed to disclose to her counsel the fact that it carried other stocks in its name belonging to the plaintiff which are the subject matters in this action and did not enter into the compromise between the plaintiff and the defendant, and that defendant caused her attorney to draw the agreement with the intention that it should be acted upon by the plaintiff; that her attorney did not know that the defendant was concealing the fact that it carried other stock in its name belonging to the plaintiff, but was under the erroneous impression that the stock was turned over to the plaintiff pursuant to the agreement settlement where all of the stocks which defendant had in its possession belonging to the plaintiff, and that her said attorney, under the misapprehension of the true state of facts, advised the plaintiff to sign the paper referred to.

The court sustained a demurrer to the petition and petition as amended and plaintiff failing to plead further judgment was entered dismissing her petition to which plaintiff excepted.

However, before the case was finally dismissed, plaintiff tendered a second amended petition, in which she alleged that the $5,000 in bonds of the People's Power and Light Company and the 104 shares of the Common Stock of the Utility Power and Light Company which she seeks to recover in this action, were left with the defendant herein for the purpose of sale sometime before the transaction involving the 908 shares of Class A Stock of Utility Power and Light Company was had and that the defendant failed to sell same, but had notified plaintiff previous to the time the agreement of September 6, 1934, was entered into, to come and get the said stock and bonds, and she was given to understand that the stocks and bonds here in question were hers and she could come and get them at any time she called for

them, and that the ownership of these securities had already been fixed before the agreement of September 6, 1934, was entered into, and did not in any way enter into that transaction. The court rejected this offered amended petition, but ordered it made part of the record.

It appears from a memorandum opinion delivered by the trial court and filed with the record that it dismissed the petition upon the grounds that the written agreement or settlement entered into between the parties was broad enough to cover all matters and transactions between the parties including the securities sought to be recovered in this action, and further that although plaintiff seeks to avoid the compromise settlement, she does not offer to return to the defendant the consideration received by her.

In view of the allegations of plaintiff's petition and petition as amended, we think the chancellor erred in holding that the written agreement or settlement entered into between the parties was sufficient to cover the securities sought to be recovered by this action.

The substance or effect of plaintiff's petition is, that the ownership of the securities sought to be recovered in this action were not in dispute at the time the settlement was entered into nor had they ever been in dispute at any time. It is not reasonable to presume that plaintiff would have employed counsel to obtain from defendant securities the ownership of which were not or had not been in dispute.

It appears that the trial court gave effect to the language contained in the agreement which purported to settle not only matters then in dispute between the parties, but also any dispute or controversy that may arise between the parties in the future, regardless of time or subject matter. We think this language in reference to future disputes and controversies should be construed to mean any future dispute or controversy which may arise out of or in connection with the particular items or securities that were then in dispute, and this is the construction that plaintiff alleges she placed upon the writing at the time she signed it.

It is a well-known rule that recitals of consideration may be impeached or explained by parole evidence. Combs v. Combs, 130 Ky. 827, 114 S. W. 334; Neurenberger v. Lehenbauer, 66 S. W. 15, 23 Ky. Law Rep.

1753. It is the contention of the plaintiff that the consideration she received in the settlement evidenced by the writing was only in the settlement of certain other securities and not in consideration of her surrendering to defendant the securities she now seeks to recover.

Nor was it necessary that plaintiff return or tender to defendant the consideration which she received in settlement of the securities which were actually in dispute between the parties. Were plaintiff seeking to cancel or set aside the agreement or settlement insofar as it affected the securities which she admits were in dispute, a different question might be presented. While the prayer of the petition asks that the agreement be set aside, yet, it is obvious from the allegations of the petition that plaintiff is not entitled to have the contract set aside or cancelled insofar as it purports to be a settlement of the securities which she admits were in dispute. To that extent there is no issue between the parties. The issue is whether or not the written agreement settlement was intended to include the securities sought to be recovered in this action.

It is to be noticed that the written agreement relied upon by defendant, merely recites that plaintiff received certain securities in settlement of *a dispute,* but it does not disclose the subject matter of the dispute—whether it was securities, a promissory note or any particular matter, and it is by the allegations of the petition only that we are informed as to the subject matter of the dispute referred to in the written agreement, and plaintiff alleges that it was certain securities, but not the ones she seeks to recover in this action.

The demurrer to the petition admitted all facts properly pleaded, and once the language contained in the writing which purports to settle future disputes between the parties, regardless of time or subject matter, is limited to matters in dispute at the time the settlement was made, or construed to have relation only to matters then in dispute, it is at once obvious that plaintiff's petition stated a cause of action to be determined by evidence.

It follows that the trial court erred in sustaining the demurrer to the petition and petition as amended.

Wherefore, the judgment is reversed and remanded with directions to set it aside and overrule the demurrer and for proceedings consistent with this opinion.